*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re CHEATHEM/GRAY, Minors.

UNPUBLISHED
May 16, 2024

No. 367841
Ingham Circuit Court
Family Division
LC Nos. 21-000328-NA;
        21-000329-NA

Before: JANSEN, P.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

Respondent appeals as of right the order of the trial court terminating her parental rights to her minor children, CRC and HAG, pursuant to MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist) and (j) (reasonable likelihood of harm if returned to parent). On appeal, respondent argues that petitioner failed to make reasonable reunification efforts because it did not provide additional services to accommodate her cognitive disability. We affirm.

## I. REASONABLE EFFORTS

Respondent does not challenge the statutory basis for the termination of her parental rights or the trial court's determination that termination of her parental rights was in the best interests of CRC and HAG. Rather, respondent argues that DHHS failed to make reasonable efforts toward reunification and failed to accommodate respondent's cognitive disability.

We generally review for clear error a trial court's finding regarding reasonable reunification efforts. *In re Atchley*, 341 Mich App 332, 338; 990 NW2d 685 (2022). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted).

Generally, the court must order reasonable efforts to reunify the child and family unless certain exceptional circumstances apply. See MCL 712A.19a(2); *In re Simonetta*, 340 Mich App 700, 707; 987 NW2d 919 (2022) (stating that DHHS must make reasonable efforts to reunify the family in all cases other than those involving aggravated circumstances). "[T]ermination is improper without a finding of reasonable efforts." *In re Hicks/Brown*, 500 Mich 79, 90; 893 NW2d 637 (2017). This requires that petitioner "create a service plan outlining the steps that both it and

the parent will take to rectify the issues that led to court involvement and to achieve reunification." *Id*. at 85-86; MCL 712A.18f(3)(d). "While the [petitioner] has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *Atchley*, 341 Mich App at 339 (quotation marks and citation omitted). A respondent challenging the services offered must establish that they would have fared better if other services had been provided. See *In re Sanborn*, 337 Mich App 252, 266; 976 NW2d 44 (2021). This includes an identification of the services that DHHS should have offered to accommodate a respondent's specific needs. See *id*.

Here, DHHS identified that respondent needed additional assistance as a result of her psychological evaluation and that respondent had difficulty understanding the possible consequences of her actions. DHHS worked with respondent and created a service plan based on the results of respondent's second psychological evaluation. See *Hicks*, 500 Mich at 86. In addition to the services DHHS already offered to respondent, DHHS referred respondent to individual mental health therapy and foster care supportive visitation after her second psychological evaluation. The record also reflects that respondent's caseworker assisted respondent in scheduling her services, reminded respondent of her appointments, informed her service providers of the results of her psychological evaluation, brought respondent to services when she did not have transportation, and tested respondent when she could not attend drug screens. Despite these efforts, respondent continued to inconsistently participate in services or demonstrate benefit from them. Respondent has identified no specific services that DHHS did not provide that would have benefited her; nor does she explain how the services that were provided to her were not reasonable or appropriate. See *Sanborn*, 337 Mich App at 266. Given the extensive services provided by DHHS before and after respondent's second psychological evaluation, we discern no error regarding DHHS's reasonable efforts toward reunification.

Affirmed.

/s/ Kathleen Jansen
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien